**FILED**
**Dec 18, 2024**
**09:12 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT COOKEVILLE

| | | |
|---|---|---|
| **RHONDA BEACH,** | ) | **Docket No.: 2022-04-0022** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 24775-2021** |
| **HILLTOPPERS, INC.,** | ) | |
| **Employer,** | ) | **Judge Robert Durham** |
| **And** | ) | |
| **ACCIDENT FUND INS. CO.,** | ) | |
| **Insurer.** | ) | |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS
### (DECISION ON THE RECORD)

---

The Court considered Ms. Beach's request for an Expedited Hearing based on the record on December 12, 2024. Ms. Beach requested an order that Hilltoppers authorize a second medical opinion based on the recommendation of her authorized physician. The Court holds that under these facts, the law does not require Hilltoppers to pay for a second opinion and denies Ms. Beach's request.

### History of Claim

Ms. Beach suffered a left-biceps tear at work on March 3, 2021, resulting in a "popeye" deformity. An MRI also revealed significant shoulder arthritis.

Ms. Beach received authorized care from Dr. Matthew Rappe. He diagnosed a work-related biceps rupture but said it was "in the setting" of "non-work-related degenerative arthritis." He treated her with physical therapy. Ms. Beach claimed moderate relief from her shoulder pain but began complaining of numbness and tingling down her left arm.

Dr. Rappe ordered an EMG test, which revealed moderate left-median neuropathy. He considered it work-related and referred Ms. Beach to hand specialist Dr. Douglas Calhoun. Ms. Beach told Dr. Calhoun that she did not have numbness and tingling before

1

her shoulder injury, and he attributed her symptoms to her work injury. He treated Ms. Beach with an injection, but her symptoms did not improve.

In October 2021, Dr. Rappe released Ms. Beach at maximum medical improvement and assigned a 2% impairment due to the biceps rupture.

Dr. Rappe did not see Ms. Beach again until October 2022. She still complained of left-arm pain along her biceps tendon, and Dr. Rappe noted significant left-shoulder crepitus. X-rays revealed end-stage degenerative arthritis in her left shoulder, although Ms. Beach denied significant shoulder pain. She requested that he fix her biceps tear, which she believed would alleviate her pain.

Dr. Rappe diagnosed rotator cuff arthropathy with end-stage joint disease "in the setting of work-related biceps injury." He informed Ms. Beach that her osteoarthritis and arthropathy were not work-related and repairing the biceps tendon would not relieve her pain. But he agreed to request a second opinion because it "might provide Ms. Beach some comfort."

Hilltoppers denied the request, and Dr. Rappe did not see Ms. Beach again until May 2024. Ms. Beach "emphatically" complained of shoulder pain, which she said did not start until her work injury. Dr. Rappe said that he understood, but "he just cannot make osteoarthritis about her shoulder a work-related injury." Ms. Beach remained dissatisfied and insisted on a second opinion. Dr. Rappe said he would give her a prescription saying that she had a history of a biceps tendon tear that was work-related, but she also suffered from end-stage osteoarthritis that was non-work related. He recommended that she proceed with an arthroplasty.

The prescription Dr. Rappe wrote after this visit reads "biceps rupture, end stage arthritis. Second opinion for work related injury."

### Findings of Fact and Conclusions of Law

To obtain her requested treatment, Ms. Beach does not have to prove at this stage "every essential element" of her claim by a preponderance of the evidence. Instead, she must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2024).

Here, both parties agreed that the relevant statute is section 50-6-204(a)(3)(H), which states "[a]ny treatment recommended by a physician or chiropractor selected pursuant to this subdivision (a)(3), or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." The parties also agreed that Dr. Rappe is Ms. Beach's authorized physician and he made a referral for a "second opinion."

Thus, under section 50-6-204(a)(3)(H), Dr. Rappe's referral is presumed medically necessary for treatment of Ms. Beach's work-related injury. To prevail, Hilltoppers must rebut this presumption by a preponderance of the evidence. *Smith v. Memphis Nat'l Parts Warehouse/Daimler Trucks*, 2021 TN Wrk. Comp. App. Bd. LEXIS 36, at *12 (Oct. 19, 2021).

Despite his referral, the Court finds that Dr. Rappe's opinions in his medical records rebut the presumption.

Reading Dr. Rappe's records as a whole, he believes Ms. Beach's symptoms are caused by her end-stage osteoarthritis, not her biceps tendon tear. He repeatedly wrote that biceps tendon surgery would not alleviate her symptoms. Further, he made it clear that Ms. Beach's osteoarthritis, which he considered the source of her pain, is not work-related. Finally, he expressly said that he was referring Ms. Beach based solely on her dissatisfaction with his opinions and "because it might give her some comfort."

The Court finds that Dr. Rappe did not order a second opinion because it was medically necessary to treat Ms. Beach's work-related injury but to simply placate her. Thus, Ms. Beach is not likely to prevail at a hearing on the merits.

IT IS, THEREFORE, ORDERED:

1. Ms. Beach's request for a second opinion is denied.

2. This case is set for a Scheduling Hearing on **February 3, 2025, at 9:30 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED December 18, 2024.**

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

# APPENDIX

<u>Exhibits:</u>
1. Ms. Beach's Rule 72 Statement
2. Dr. Rappe's medical records
3. Dr. Calhoun's medical record

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Order was sent as indicated on December 18, 2024.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Adam Brock-Dagnan, employee's attorney | | X | adam.brockdagnan@forthepeople.com |
| Cole Stinson, employer's attorney | | X | Cole.stinson@accidentfund.com |

_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*